UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Civil Action No. 1:23-cv-00121-LLK

DAVID W.  PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for supplemental security income (SSI) benefits under Title XVI of the Social Security Act. [Doc. 1]. The fact/law summaries of the parties are at Doc. 11 and 16. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's decision

On July 7, 2022, the ALJ issued the Commissioner's final decision denying Plaintiff's SSI claim. [Administrative Record, Doc. 8 at 9-27]. The ALJ found that Plaintiff was not disabled from October 22, 2019, when she alleges that she became disabled, and July 7, 2022, the date of the ALJ's decision. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 14, 2020, when he applied for benefits. *Id.* at 13.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: cervical degenerative disc disease with spondylosis, radiculopathy, and spinal stenosis;

lumbar spinal stenosis; the residual effects of a right leg injury and surgical repair; a history of left shoulder fixation; chronic obstructive pulmonary disease (COPD); migraine headaches/cervico-occipital neuralgia; a bipolar disorder; and a generalized anxiety disorder. *Id.*

Third, the ALJ found that Plaintiff has no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 13-14.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1). The ALJ found that, notwithstanding his physical impairments, Plaintiff can:

> … perform a range of light work as defined in 20 C.F.R. § 416.967(b) … able to lift or carry up to twenty pounds occasionally or ten pounds if lifting frequently … able to stand or walk for up to six hours out of eight, and to sit for up to six hours out of eight … is occasionally able to climb stairs or ramps, but not to climb ladders or scaffolds … is occasionally but not repetitively able to stoop or crouch, but he is not able to kneel or crawl … is able to reach overhead occasionally with either upper extremity … can perform involves no more than occasional exposure to vibration, no exposure to unprotected heights or uncovered industrial machinery, and no commercial driving … is able to tolerate less than occasional exposure to dust such as from cutting lumbar, pouring grain, or changing a vacuum bag, fumes such as from paint, bleach, or vehicle exhaust in a confined area, or heavy smoke such as from industrial fires, industrial chimneys, or similar sources.

*Id.* at 17-18. The ALJ found that, notwithstanding his mental impairments, Plaintiff can:

> … maintain attention and concentration over two-hour periods with regular breaks … is able to focus sufficiently to perform the tasks involved it is assigned work for 90% of the day not counting regularly scheduled breaks … no more than occasional interaction with the public or with coworkers … is able to be aware of normal hazards such as open doors and boxes on the floor and take appropriate precautions.

*Id.* at 18.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 24.

Fifth, the ALJ found that Plaintiff could perform a significant number of unskilled, light jobs in the national economy such as small product assembler, production assembler, and collator operator. *Id.* at 26.

**Legal Standards**

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citation omitted).

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that "the ALJ erred in finding that [his] headaches did not result in restrictions that would have precluded work." [Doc. 11].

In December 2014, Plaintiff was injured as a pedestrian in a traffic accident. Plaintiff suffered closed head injury and coma, left shoulder and neck pain, and a fractured tibia and fibula. [Doc. 8 at 287, 289, 427]. T J Health Columbia Primary Care, Clinton Kiteck, D.O., treated Plaintiff for the fractures. *Id.* at 427.

In July 2018, Plaintiff returned to Dr. Kiteck "having neck pain and headaches that are increasing in frequency and duration and intensity over the last few months." *Id.* Plaintiff reported that these headaches "may last for hours or even days." *Id.* Dr. Kiteck prescribed Maxalt and Indomethecin. *Id.* 430-31.

In March 2022, Commonwealth Pain, Rick Pellan, D.O., noted that Plaintiff reported that "he experiences 6 migraines a month each episode lasting a day." *Id.* at 654. Dr. Pellant diagnosed cervico-occipital neuralgia. *Id.*

In March 2022, Plaintiff told his physical therapist that his headaches are "near daily or every other day for 10 years" and that they prevent him from being able to "sleep for more than 2 hours at a time." *Id.* at 657.

The ALJ acknowledged that Plaintiff's suffers from severe, or vocationally significant, migraine headaches/cervico-occipital neuralgia. *Id.* at 13. In determining that Plaintiff has an RFC for a limited range of light work, the ALJ acknowledged that these impairments could reasonably be expected to cause Plaintiff's alleged symptoms. *Id.* at 19. However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

Vocational experts (VEs) routinely testify that the limit of tolerance of most employers due to symptoms of migraines or any other impairment is missing two days per month and/or being off task ten percent of the workday. *See e.g. Masters v. Comm'r*, 707 F. App'x 374, 375 (6th Cir. 2017), *Lindsay v. Comm'r*, No. 3:20-CV-407, 2022 WL 621399, at *4 (S.D. Ohio Mar. 3, 2022), *Marinan v. Comm'r*, No. 1:20-CV-00172-LLK, 2022 WL 509118, at *2 (W.D. Ky. Feb. 18, 2022).

Social Security Ruling (SSR) 19-4p, 2019 WL 4169635, concerns evaluating cases involving primary headache disorders. "If a person's primary headache disorder, alone or in combination with another impairment(s), does not medically equal a listing at step three of the sequential evaluation process, we assess the person's residual functional capacity (RFC)." In this case, the ALJ exercised her discretion to determine that the limiting effects of Plaintiff's headaches was below a disabling level. While substantial evidence may have supported a finding of disabling limitations, the substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If (as here) it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that "the ALJ erred in finding that [his] bipolar and mental conditions were not disabling." [Doc. 11].

In February 2022, Plaintiff's treating psychiatrist Robina Bokhari, M.D., completed the Functional Capacity Questionnaire for Psychiatric Disorders, finding extreme limitation with activities of daily living, marked difficulties with social functioning, extreme difficulties with concentration, persistence or pace, and continual episodes of decompensation.  [Doc. 8 at 592-96].

The ALJ acknowledged that Plaintiff suffers from severe, or vocationally significant, bipolar disorder and generalized anxiety disorder.  *Id.* at 13.  The ALJ found, however, that the limitations assigned by Dr. Bokhari's as caused by these impairments are "unpersuasive" because unsupported and inconsistent with other evidence:

> … I find this opinion [of Dr. Bokhari] unpersuasive, as it is simply inconsistent with [Plaintiff's] frequently unremarkable mental status examination findings. (exhs. C9F at 6-7, and C11F at 14) and his noted malingering during intelligence testing. (exh. C4F). Further, this opinion is also unsupported by the somewhat unremarkable findings of Dr. Bokhari. (exh. C8F), including the mostly unremarkable findings, apart from an anxious mood and affect, on that same date. (exh. C12F at 3). Dr. Bokhari also supported her opinion with references to [Plaintiff's] physical condition, which she never examined. (exh. C13F).

*Id.* at 24.

Because Plaintiff applied for SSI benefits in December 2020 [Doc. 8 at 9], the new rules for weighing medical opinions apply.  *See* 20 C.F.R. § 416.920c ("For claims filed … on or after March 27, 2017, the rules in this section apply.").  Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source.  20 C.F.R. § 416.920c(a).  In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors."  20 C.F.R. § 416.920c(c)(1)-(5).  But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion.  20 C.F.R. § 416.920c(b)(2).

The ALJ's weighing of Dr. Bokhari's opinion comported with the above rules.

**Order**

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

February 20, 2024

Lanny King, Magistrate Judge
United States District Court